**Entered on Docket**
**September 02, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: August 29, 2008**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                               No. 03-44829 TT
                                    Chapter 7
RALBERT RALLINGTON
BROOKS-HAMILTON,

          Debtor.
_____/

RALBERT RALLINGTON                  A.P. No. 03-4837 AT
BROOKS-HAMILTON,

          Plaintiff,

    vs.

CITY OF OAKLAND,

          Defendant.
_____/
```

**MEMORANDUM OF DECISION ON REMAND RE SANCTIONS**

On September 1, 2004, an order was entered granting in part and denying in part the motion filed by defendant (the "City") for sanctions pursuant to Rule 9011(b) of the Federal Rules of Bankruptcy Procedure. In the order, the Court imposed sanctions against the debtor's counsel, David A. Smyth ("Smyth"), for filing claims that

were both frivolous and asserted for an improper purpose. The Court awarded the City monetary sanctions in the amount of $10,671.

The order was affirmed by the Bankruptcy Appellate Panel. On further appeal, the Ninth Circuit Court of Appeals reversed the Court's order in part, finding that only one of the three legal claims was frivolous. It remanded, directing the Court to reconsider, given this ruling, the amount of the monetary sanction as well as whether the Court still believed the one frivolous claim had been asserted for an improper purpose. For the reasons stated below, the Court concludes that the one frivolous claim was asserted for an improper purpose but that the monetary sanction should be reduced to $2,134.20. The reasons for the Court's ruling on remand is set forth below.

As noted above, the Court's award of sanctions was based on its conclusion that three of the claims asserted by Smyth in the above-captioned adversary proceeding were frivolous. The three claims and the rulings made concerning them are summarized below.

1. First, Smyth contended that the liens asserted on the debtor's property were illegal because they violated federal Department of Housing and Urban Development ("HUD") rules (the "Statutory Claim"). The Court concluded that Smyth's assertion of this claim was frivolous because the relitigation of this claim was barred by issue preclusion. A federal district court had dismissed this claim in an earlier action for lack of subject matter jurisdiction, finding that there was no private right of action created by a violation of HUD rules.

2

On appeal, the Ninth Circuit held that this was error. It ruled that the Statutory Claim was not barred based on issue preclusion because, in dismissing the claim, the district court never reached the question of whether a violation of HUD rules could be asserted as an affirmative defense to enforcement of the City's liens.

2. Smyth also contended that the City had breached its contract with the debtor by failing to disburse all the loan money promised. The Court concluded that Smyth's assertion of this claim was frivolous because the relitigation of the claim was barred by claim preclusion. A state court had sustained a demurrer without leave to amend to a Second Amended Cross-Complaint to the City's complaint, asserting the same claim for relief.

On appeal, the Ninth Circuit held that this ruling was also erroneous. It noted that, in the state court action, the City had demurred on two grounds: (1) statute of limitations and (2) failure to state a claim. While the order granting the demurrer stated that it was based on failure to state a claim, under California law, a general demurrer for failure to state a claim may also be based on the claim being barred by statute of limitations grounds. Under California law, a dismissal on limitations grounds does not give rise to claim preclusion. The Ninth Circuit held that it was impossible to determine from the state court's order whether the demurrer was based on the lack of substance of the allegations or the limitations grounds.

3. Finally, Smyth contended that the City had violated the one action rule, thereby waiving its liens, by obtaining a writ of

3

possession with regard to its personal property collateral. See Cal. Civ. Proc. Code § 726(a). The Court concluded that this claim was frivolous for two reasons. First, the law is clear that a secured creditor does not violate the one action rule by enforcing a writ of possession enabling it to take possession of its collateral. Second, even if the writ obtained by the City had been a writ of attachment, based on its underlying unsecured claim, a secured creditor does not violate the one action rule by simply obtaining such a writ. The rule is only violated by enforcing the writ. The Ninth Circuit affirmed this ruling, agreeing with the Court that Smyth's assertion of this claim was frivolous.

On remand, the Court concludes once again that, based on an objective standard, the assertion of the one action claim based on the undisputed facts underlying this proceeding was for an improper purpose. As the Ninth Circuit pointed out, as early as 1900, the Supreme Court of California rejected Smyth's argument that a secured creditor violated the one action rule by seeking a writ of possession of its personal property collateral. Moreover, Smyth did not even allege that the City had ever attempted to enforce the writ.

However, given the more limited basis for the Court's sanction ruling, the amount of the monetary sanction should clearly be reduced. In attempting to determine the appropriate amount of the reduction, the Court has reviewed the City's motion to dismiss and its reply brief, including the time entries made in support of the monetary sanction request. The Court is unable to determine from the time entries how much time was spent on the one action claim as

4

opposed to the two claims the assertion of which the Ninth Circuit has determined was not frivolous. Instead, the Court bases its award on the portion of the legal argument devoted to the one action claim: i.e., approximately twenty percent of the total. As a result, the monetary sanction will be reduced to twenty percent of the original award: i.e., to $2,134.20. The order directing payment of this monetary sanction will be effective as soon as it is final.

## CONCLUSION

For the reasons stated above, the Court holds that the one action claim was a frivolous claim which was also asserted by Smyth for an improper purpose. For that reason, the City's motion for monetary sanctions should be granted. However, the amount of the award should be reduced to $2,134.20, representing the portion of the fees incurred by the City attributable to the frivolous claim. Counsel for the City is directed to submit a form of order in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

David Ashley Smyth
Smyth Law Offices
1990 N California Blvd. #830
Walnut Creek, CA 94596

Chris Kuhner
Kornfield, Paul & Nyberg
1999 Harrison St., #2675
Oakland, CA 94612